Lawrence I. Kazan, State Bar No. 005456
DEBUS & KAZAN, LTD
1221 East Osborn Road, Suite 200
Phoenix, Arizona 85014
Telephone: (602) 257-8900
Facsimile: (602) 257-0723
Email: lik@debusandkazan.com
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-22-1507-PHX-SPL |
|---|---|
| Plaintiff, | **OBJECTIONS TO PRESENTENCE REPORT** |
| vs. | |
| Shane Killian Burns, | (Hon. Judge Steven P. Logan) |
| Defendant. | |

Defendant, Shane K. Burns, by and through undersigned counsel, respectfully submits his objections to the Presentence Report.

**RESPECTFULLY SUBMITTED** this 31st day of January 2024.

DEBUS & KAZAN, LTD.

By_____
Lawrence I. Kazan

- 1 -

**Objection to Presentence Report**

**I.      April 29, 2022**

On this date, Burns sold two ounces of methamphetamine to an undercover agent of the FBI.  The probation report reflects the agents seized 92.7 grams of a substance believed to be methamphetamine based on a field test.  However, as the FBI report notes, the 92 grams was the entire weight of the package delivered to agents.  The sale arrangement called for two ounces. Two ounces weighs out as 56 grams.  This overstates the amount of methamphetamine by almost doubling it.

**II.     Role in the Offense.**

Burns objects to the two-point upward departure for classification as an organizer, leader etc. in USSG §3B1.1.  There were two participants in this Indictment, Burns and his girlfriend Christina Patacky-Beghin.  Burns didn't recruit Patacky-Beghin for purposes of her involvement – she wanted to be involved and she acted for the both of them in the illegal endeavors.  She volunteered to be a courier because Burns was unavailable.  Further, the parties stipulated in the agreement Burns's role in the offense was that of an average participant.

Patacky-Beghin received no compensation for anything she did. The Presentence Report notes she acted as a courier on ten previous occurrences however that is not supported by any evidence she did so in this matter. The Presentence Report does accurately note Patacky-Beghin's presence was primarily due to the romantic relationship she had with Burns – she did not work for him nor but for one instance in our matter did she actively participate. There is no evidence to show she did so because Burns asked or ordered her to do so rather than her volunteering to just help him out. He didn't manage or supervise Patacky-Beghin – she acted of her own device.

## III.   Safety Valve.

The Defendant objects to not receiving a 2-point downward adjustment for the safety valve.

In 2018, Congress amended the Federal Sentencing Statute 18 USC 3553(f)(1) to allow in certain situations courts to sentence below the harsh mandatory minimums provided by the United States code for drug trafficking convictions. This change was referred to as the safety valve.

In the present matter, because Burns pled to a lesser included offense, he does not get the benefit of this statute geared to provide repeat offenders a second chance.

But, by the same token, Burns should at least receive a 2-point downward departure for the safety valve because he meets all five criteria.  The only one in dispute would be for role in the offense.  The parties stipulated in the agreement Burns would be treated as an average participant.  Categorizing him as a leader or organizer (aside from the reasons already noted in that objection) would be unfair.

**IV.    Specific Offense Characteristics.**

Defendant objects to the 2 point upward departure for maintaining a premises for purposes of manufacturing or distributing a controlled substance pursuant to USSG §2D1.1(b)(12).

The comment notes to prove this step it must be shown Defendant's primary or principal use of the premises was for that purpose rather than incidental or collateral use.  The Defendant and his girlfriend lived in the residence – it was their primary residence.  Any drug purpose use was as a convenience and nothing more.

Further, while government agents found items associated with drug distribution in the apartment during a search in October 2022, this time frame was beyond the scope of the present indictment that traversed the dates April 1, 2022, through July 19, 2022.

**RESPECTFULLY SUBMITTED** this 31st day of January 2024.

DEBUS & KAZAN, LTD.

By_____
     Lawrence I. Kazan
     Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2024, I electronically transmitted the attached documents to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Margaret Perlmeter, Esq.
US Attorneys Office
2 Renaissance Square
40 N Central Avenue, Suite 1800
Phoenix, Arizona 85004
Margaret.Perlmeter@usdoj.gov

By  /s/   Kelly Pierce